252 So.2d 169 (1971)
OAK RIDGE BUILDERS, INC., et al., Plaintiffs-Appellees,
v.
Mary Louise BRYANT, Defendant-Appellant.
No. 3543.
Court of Appeal of Louisiana, Third Circuit.
August 20, 1971.
Rehearing Denied September 23, 1971.
Writ Refused October 28, 1971.
Hunt, Godwin, Painter & Roddy by Joseph Greenwald, Lake Charles, for defendant-appellant.
Vance Plauche, Anderson, Leithead, Scott, Boudreau & Savoy by Robert Boudreau, *170 Lake Charles, for plaintiffs-appellees.
Before FRUGÉ, MILLER, and DOMENGEAUX, JJ.
FRUGÉ, Judge.
This action is a suit for a permanent injunction brought by Oak Ridge Builders, Inc., and some 13 property owners of a subdivision, seeking to enjoin the defendant from operating a beauty parlor in her home. The injunction was sought on the ground that the operation of a beauty parlor violated restrictive covenants applicable to the subdivision property.
Following a trial on the merits, judgment was rendered in favor of the plaintiffs in accordance with the oral reasons assigned by the District Court on September 30, 1970. Written reasons were handed down and the defendant was restrained and enjoined from operating a beauty parlor on her property in Cherry Hill Subdivision, No. 2, Lake Charles, Louisiana. The court held that the defendant, Mary Louise Bryant, was in violation of recorded restrictive covenants. The court also overruled a plea of prescription filed by the defendant. Subsequently, defendant perfected the instant appeal. We affirm.
This appeal has three issues for our consideration. These issues are: (1) Do the recorded restrictive covenants (which admittedly apply to the defendant's premises) forbid a business activity of the nature in which Mrs. Bryant is engaged? (2) If Mrs. Bryant has been doing business in violation of the restrictive covenants, are the plaintiffs precluded from enjoining her because she has been doing so far more than two years? LSA-R.S. 9:5622(A). (3) Does a valid zoning ordinance, causing an area to be zoned commercial, prevent the subsequent establishment of restrictive covenants, limiting the area to residential buildings?
The appellant contends that her activities were not in violation of the restrictive covenants in the subdivision. Appellant contends that for her business to be in violation of the restrictive covenants, the business activity in which she was engaged would have to be a noxious or offensive one.
Paragraph 7 of the recorded instrument containing the various building restrictions governing the subdivision reads:
"No noxious, offensive, unsanitary, unsightly or unusually noisy activity or business may be carried on upon any lot, nor shall anything be done thereon that might be considered a nuisance to the neighborhood."
The appellee takes the position that this paragraph forbids noxious, offensive or unsanitary activities, or any kind of business activity.
We think when the instrument is read as a whole, that it makes it clear that the entire subdivision is limited to single family, residential dwellings, and prohibits the carrying on of any business activity as such.
Another portion of the instrument in question, Paragraph 1, reads:
"No structure shall be erected, altered, placed or permitted to remain on any residential lot hereinabove described other than one detached single family dwelling and shall not exceed two and one-half stories in height with a private garage or carport and other outbuildings incidental to residential use."
In Plauche v. Albert, 42 So.2d 876 (La. App. 1st Cir., 1949), the court interpreted a restrictive provision which read:
"No building shall be erected on any part of the property hereinabove described other than a single family dwelling and a garage or out-house, to be used in connection with the said single family dwelling."
It was held that this restriction prohibited the use of a structure as a warehouse.
*171 In light of the entirety of the instrument establishing the restrictive covenants, we hold that a business activity as such on any of the premises covered by these covenants is restricted and prohibited.
The next question for our determination is whether or not the activity in which Mrs. Bryant is engaged is a business, and if it is, for how long has Mrs. Bryant been operating this business?
Mrs. Bryant is a licensed beauty operator under the laws of Louisiana. She apparently has been fixing ladies' hair in her home since 1967. Mrs. Bryant testified that hers was a part-time business prior to the first part of 1970, but that now it is a full-time business. She apparently told her next-door neighbor early in 1970 that she was opening a beauty parlor in her home, and in February of 1970 her home was licensed as a beauty parlor by the State of Louisiana.
Mrs. Bryant's activity prior to 1970 amounted to having only one customer at a time, or occasionally two, in her home.
In his written reasons for judgment, the trial judge stated:
"Mrs. Bryant's home was licensed as a beauty parlor by Louisiana in February of 1970. She stated she bought bigger dryers and put in a shampoo bowl. Prior to February, 1970 she fixed her customers' hair in her combination `L' shaped living room. She also testified she bought a beauty chair last year. She also admitted that she kept no business records prior to 1970, and made no income tax returns from her activities for the years '67, '68, and '69. * * * There was no telephone listing to indicate it was a business place. The Court concludes that while Mrs. Bryant did have a number of people come to her home to have their hair fixed, her activities were not of such a nature to constitute a business that would toll prescription."
We are of the opinion that when, early in 1970, Mrs. Bryant had her home listed as a beauty parlor and licensed as such, and began the full-time operation of a beauty parlor, with full equipment in her home, she began operating a business on the premises in violation of the restrictive covenants in the subdivision.
Where building restrictions or covenants are violated, it is clear that the parties within a subdivision may have that activity enjoined and may enforce the restrictive covenants. However, if the violation continues for more than two years, prescription will bar any attempt to enforce the provisions or restrictive covenants. LSA-R.S. 9:5622(A).
The trial court held that Mrs. Bryant's activities between 1967 and 1970 did not amount to the operation of a business so as to toll the running of prescription. We think that the conclusion is eminently correct.
The appellant's third contention is that, since an area of which the subdivision is a part was zoned commercial in 1956 by a valid city ordinance, no subsequent restrictive covenants can be made which would limit a portion of the area zoned commercial to residential housing only. The appellant has cited no authority for this contention, and we consider the question to be res nova.
The property was acquired by the appellant in 1964. The restrictive covenants were established in her deed of acquisition, subsequent to the adoption of the 1956 zoning ordinance.
The appellee contends that since the present zoning ordinance was adopted on March 6, 1968, and the restrictive covenants were filed of record October 22, 1964, the subsequent zoning of the property so as to permit the establishment of commercial operations could not alter the previously established covenants.
*172 When adopted, the 1968 ordinance stated that it was not intended that the ordinance should interfere with any covenant or other agreement previously established except where the ordinance imposed a great restriction upon the land than that imposed by such covenants or agreements. The appellant admits that the law does not allow a zoning ordinance to change an already existing covenant. Insofar as the 1968 ordinance is concerned, it cannot be given the effect of destroying or rendering invalid the restrictive covenants validly established and recorded in 1964.
The portion of the appellant's argument, which we consider res nova, and upon which no authority has been cited, is the appellant's contentions that the 1956 ordinance, by permitting commercial establishments in an area of which the subdivision is a part, should supersede any subsequently established covenants or agreements which impose a greater restriction upon the use of the property within that area. The appellant argues that this court should, as a policy matter, rule that individuals or groups of individuals should not be allowed to impose greater restrictions upon the use of the land within municipalities that are established by municipal zoning ordinances.
We reject this contention. The 1956 zoning ordinance established a permissive use for the land within that zone. Individuals by their contracts may derogate from the permissive provisions of the law. The vendor of the property in question, in 1964, had the right to establish restrictions upon the use of the land which would enhance and increase the value of the land and make it more desirable. Nothing in our law prohibits the establishment of such covenants or agreements. Additionally, we consider that the restrictions placed upon the use of the property by the covenants established in 1964 motivated and influenced those persons who acquired the property at that time to purchase this property, because of the guarantee that it would be used only for residential purposes. Thus, we are of the opinion that the restrictive covenants established in 1964 were valid and binding at that time and continue to be valid and binding today.
We hold that the recorded, restrictive covenants in question here forbid a business activity of the nature in which Mrs. Bryant is engaged on any of the premises covered by the covenants, and that this suit seeking to enjoin these activities was filed before the two-year prescriptive period established by LSA-R.S. 9:5622(A). We further hold that the restrictive covenants, as established, are valid and binding.
For the above and foregoing reasons, the judgment of the District Court is affirmed. All costs to be paid by the defendant-appellant.
Affirmed.