GULOTTA, Judge.
The central issue with which we are confronted is whether use of a residence for a “law office” violates a restrictive covenant which states that “the use of said property shall be limited to residential purposes.” The trial judge concluded that such use is not violative of the restriction. We disagree. Accordingly, we reverse.
The matter was submitted on a stipulation of facts. One of the stipulations is that “defendant engages in the practice of law and maintains his office and home at the premises named in the suit.” The issue, therefore, before us is purely a legal one.
In Woolley v. Cinquigranna, 188 So.2d 701 (La.App. 4th Cir. 1966), a case similar to the instant one, the restriction stated that the property “shall be for residential purposes only.” We concluded in Woolley that a field manager for a manufacturer of brushes, who conducted his operation from his home, involving advertising for salesmen, interviewing these applicants at his *186 home and storing merchandise in his garage, used his property in violation of the restriction. Because of the similarity in language between restrictions in the Wool-ley case and our case, and because the traffic activities of the manager are not unlike those of an attorney, we are persuaded by the result reached in the Woolley case.
We distinguish Wax v. Woods, 209 So.2d 329 (La.App. 4th Cir. 1968), writ denied, 252 La. 467, 211 So.2d 330 (La.1968), relied on by the trial judge and defendants. In the cited case, Dr. Wax, a podiatrist, practiced his profession from an office located in his home. The lot was classified as A-residential, single family residence, and the building restrictions provided that the lot would not be used for other than “residential purposes.” This court concluded in Wax that use of the premises by the doctor did not violate the restriction. In so holding, the Wax court pointed out that the building restrictions allowed the use of “one professional sign” of certain size. Under the circumstances, the Wax Court concluded that the drafters of the building restrictions contemplated use of the lots for “home occupations”. The court went on to say that the zoning ordinance and the building restriction, to that extent, were compatible and in harmony.
Unlike the Wax case, the restrictive covenant in our case, states:
“The said lot and/or premises, when acquired, shall not be used, leased or otherwise employed for advertising signs or billboards; . . . ”
At no place in our restrictions, do we find any indication that a home occupation might be allowed. Accordingly, we' hold that defendants are in violation of the subdivision’s building restrictions. We interpret the restrictions in the instant case more akin to Woolley than to the 'Wax case.
 We reject two remaining contentions raised by defendants in this appeal. We find no merit, first, to defendants’ claim that because of plaintiff’s failure to show irreparable injury, no entitlement exists to injunctive relief. Well established is the rule that injunctive relief is a proper remedy to prevent the violation of building restrictions. Salerno v. DeLucca, 211 La. 659, 30 So.2d 678 (1947); Oak Ridge Builders, Inc. v. Bryant, 252 So.2d 169 (La.App. 3rd Cir. 1971), writ denied 259 La. 945, 253 So.2d 384 (1971).
Finally, we reject defendants’ claim that the trial judge erred in failing to maintain an exception of no right of action filed in connection with Rader Jackson’s (a property owner in the subdivision) claim. According to defendants, the subdivision developers assigned to Mulberry Association the right to the enforcement of the restrictive covenants and because Rader Jackson is a member and president of Mulberry Association, he waived this right, as a property owner, to enforce the restrictions.
We do not agree. In Guyton v. Yancey, 240 La. 794, 125 So.2d 365 (1961) the Supreme Court recognized that as long as restrictions are of any value to the party possessing rights under these restrictions, he may enforce them. In Oak Ridge Builders, Inc. v. Bryant, supra, a permanent injunction was granted restraining violations of restrictions in a suit filed by Oak Ridge, Inc. and thirteen property owners. The Oak Ridge court stated that where restrictions are violated, parties within a subdivision have the right to enjoin the activity. We have been cited no authority by defendants in support of their contention, nor has our research developed any jurisprudence more directly on point. Based on the Guy-ton and Oak Ridge Builders, Inc. cases we conclude the property owner in the instant case has not waived the right to enforce the violations.[1]
Consistent with the foregoing, the judgment in favor of defendants is reversed and set aside. Judgment is now rendered in favor of plaintiff, ' Rader Jackson, and *187 against defendants enjoining the use of the premises 100 Mulberry and 1200 Metairie Road as a law office. Costs to be paid by defendants.

REVERSED AND RENDERED.

REDMANN,- J., dissented with written reasons.

. The trial judge maintained an exception of lack of procedural capacity to the claim of Mulberry Association Inc. No appeal has been taken from that judgment.