435 So.2d 1107 (1983)
John M. ELLIS, Jr., et al.
v.
Gwendolyn Ann DEARING.
No. 82 CA 0949.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
Rehearing Denied August 23, 1983.
*1108 Robert L. Kleinpeter, Baton Rouge, for plaintiff-appellee John M. Ellis, Jr., et al.
Allen M. Posey, Jr., Baton Rouge, for defendant-appellant Gwendolyn Ann Dearing.
Before LOTTINGER, COLE and CARTER, JJ.
COLE, Judge.
The issue in this case is whether or not defendant is violating the subdivision building restrictions by operating a one-chair beauty shop from her home.
In July of 1982 defendant, Gwendolyn Dearing, purchased a home located on North Parkview Drive, Broadmoor Subdivision (fifth filing), in Baton Rouge. In August of 1982 defendant moved into the residence and began operating a one-chair beauty shop from the enclosed carport of her home. Shortly thereafter, plaintiffs, John M. Ellis and Robert L. Kleinpeter, both residents of the subdivision, filed suit for a temporary and a permanent injunction, praying for an order forbidding defendant from operating a beauty shop in her home. The petition alleged defendant's operation of a business violated the subdivision building restrictions. A hearing was held on the preliminary injunction only. After hearing testimony by various parties and witnesses, the court held Mrs. Dearing's operation was a violation of the building restrictions and granted the preliminary injunction.[1] Defendant then filed this suspensive appeal.
Appellant argues the court erred in granting the preliminary injunction for two reasons. One, the subdivision building restrictions do not specifically prohibit the operation of a one-chair beauty shop and two, because a "home occupation" is a "residential purpose" within the meaning of the building restrictions and should therefore be permitted.
The building restrictions, filed in Book 1025, folio 324 of the conveyance records of East Baton Rouge parish, contain only two provisions pertinent here. The restrictions read as follows:
"1. All of the lots contained in this subdivision are hereby designated as residential lots, and no building shall be erected, altered, placed or permitted to remain on any lots other than one (1) detached single family dwelling not to exceed two and one-half stories in height and a private garage for not more than three (3) cars." (Emphasis added.)
"6. No noxious or offensive activity shall be carried on upon any lot, nor shall anything be done thereon which may become an annoyance or nuisance to the neighborhood."
Appellees contend provision number 1, which mandates all lots to be designated as "residential lots" is violated by the existence of the beauty shop, a commercial establishment. They contend further the activity is "noxious or offensive" in that there are as many as twenty cars a day pulling in and out of Mrs. Dearman's driveway, creating a traffic hazard. Further, the activity is offensive in that it violates the "strictly residential" character of the neighborhood.
There is no dispute that Mrs. Dearing, a licensed beautician, operates a full time beauty shop in her home. She admitted she supports herself and her children solely by the profits from her business. She stated that on her busiest days she might serve 13 or 14 customers. A neighbor, Bessie Lee Pope, testified she had kept a record of the number of cars entering and leaving Mrs. Dearing's premises. Some days as many as 20 to 30 cars were counted.
The only question then is whether or not the operation of this beauty shop is in violation of the subdivision restrictions.
The first restriction states specifically that all lots are designated as "residential lots" and each lot is to contain only a "detached single family dwelling." This *1109 shows the specific intent of the drafters that the subdivision should consist of residences only and should not contain any commercial enterprises.
Similar building restrictions have been discussed by other courts. In Wax v. Woods, 209 So.2d 329 (La.App. 4th Cir.1968) writ refused, 211 So.2d 330 (La.1968), the defendant wanted to operate a podiatry office within his home. The building restrictions stated the lot would not be used for other than residential purposes. However, another provision of the building restrictions provided:
"No sign of any kind shall be displayed to the public view on any lot, except one professional sign of not more than one square foot...." (Emphasis added.)
Because of that provision the court felt the subdividers did not intend to prevent a "home occupation" from being pursued.
In Woolley v. Cinquigranna, 188 So.2d 701 (La.App. 4th Cir.1966), the building restrictions stated the lots were to be used for residential purposes only. The defendant was a field manager for a national brush company. The court concluded that his activities, which involved interviewing new salesmen, dispensing samples to them, receiving goods and storing them in his home, violated the "residential use" restriction.
In the more recent case of Mulberry Ass'n, Inc. v. Richards, 369 So.2d 185 (La. App. 4th Cir.1979), writ denied, 371 So.2d 1345 (La.1979), the defendant practiced law from an office located in his home. Again, the subdivision restrictions stated that use of the property was to be limited to "residential purposes." The court concluded the existence of the law office violated the residential purpose restriction. The court distinguished Wax v. Woods, supra, because the restrictions in Wax specifically allowed a "professional sign" to be placed on the lot. The restrictions in the Mulberry case specifically prohibited the use of the lots for advertising signs.[2]
In addition to these cases we have found two cases which are particularly pertinent in that the disputed activity was a home operated beauty parlor. In Oak Ridge Builders, Inc. v. Bryant, 252 So.2d 169 (La. App. 3d Cir.1971), writ refused, 253 So.2d 384 (La.1971), the defendant had worked as a beautician in her home on a part-time basis from 1967 to 1970. During that period she merely operated out of her living room in a rather informal manner. In 1970 she opened a complete beauty shop and operated it as a full time business. At that time she became licensed, apparently moved her operation from her living room to an area specifically designed for a beauty parlor, bought full equipment and advertised in the phone book.
The pertinent restrictions, like the ones in other cases, stated that only single family dwellings were to be erected on the residential lots. Further, like the restriction in the case at hand, there was one forbiding any "noxious, offensive, unsanitary ... activity or business ... [which] might be considered a nuisance to the neighborhood." The court found that once she began her full time operation she was in fact violating the building restrictions.
The facts of Oak Ridge Builders are similar to the facts in the present case. Although we have no evidence here of Mrs. Dearing advertising in the phone book, we do have the similar situation of a full-fledged beauty shop, located in a specific room of her home, with customers coming at regular hours, and the business being a full time occupation for the proprietor. We therefore reach the same result reached by the Bryant court. Mrs. Dearing's activities constitute a business enterprise and such an enterprise violates the building restrictions which state that all lots are designated as residential.
The facts of Marquess v. Bamburg, 188 So.2d 721 (La.App. 2d Cir.1966) are also very similar to the ones in the case at hand. There, the subdivision was burdened with a *1110 restriction which read, "no lot shall be used except for residential purposes." Defendant operated a one person beauty parlor from a room in her house. She worked four days a week and there were no visible signs (from the outside of the house) that the house contained a beauty shop. The main issue in the case was whether or not the building restrictions had been abandoned, and the court discussed this issue throughout. The court ultimately concluded the restrictions had not been abandoned and without elaboration concluded the operation of the beauty shop did violate the building restrictions.
Appellant's second argument is that a "home occupation" is a residential purpose so that the operation of the beauty shop is not in violation of the building restriction. Appellant cites Wax v. Woods, supra, as authority for this proposition. In that case, the city zoning ordinances specifically provided for persons to pursue "home occupations"[3] within their residences. There was nothing in the building restrictions which prohibited "home occupations" so the court concluded a home occupation was allowed and did not violate the residential purposes limitation of the building restriction.
As we have mentioned before, we, like the Mulberry Ass'n court, can distinguish the Wax case because of its particular provision allowing certain professional signs. As it relates to this issue of "home occupation" we note that in the Wax case the city ordinances were before the court. In the present case neither party has introduced copies of any ordinances nor were they discussed at the hearing. Therefore we simply find the rationale of the Wax case inapplicable to the present case.
For these reasons, the judgment of the trial court, granting the preliminary injunction, is affirmed. Appellant is to pay costs.
AFFIRMED.
NOTES
[1] The parties stipulated at trial that Mrs. Dearing was in compliance with the zoning ordinances.
[2] In the case at hand we have no specific restriction against signs, as in Mulberry, nor do we have a provision allowing them, as in Wax.
[3] "Home occupation" was defined as "A professional occupation customarily conducted in dwellings and apartments, including that of a physician, surgeon, dentist, lawyer, clergyman, etc...."