GAUDIN, Judge.
Appellants are Phillip D. Mouton and Henry C. Odenwald, who own homes close to the John T. Curtis Christian School and *695 who filed suit in the 24th Judicial District Court alleging that the school had violated property and building restrictions.
The trial judge, noting “... that the property in question had been used on a regular basis for ‘business purposes’ ... for a period in excess of two years,” maintained an exception of prescription filed by the school and dismissed the suit.
On appeal, Mouton and Odenwald argue that the pertinent school property had not been used for business purposes for over two years and that the trial judge’s finding that intermittent recreational activities constituted an apparent business purpose was manifestly erroneous.
The record, however, supports the district judge’s findings, and we will not disturb them.
Four lots on Celeste Street are involved, in this litigation. When Curtis acquired these lots for school use in 1963, they were subject to this restrictive covenant:
“The property cannot be used for business purposes.”
Approximately 20 witnesses testified during a two-day trial about the school’s use of this property. Generally, petitioners’ witnesses said that the lots were only occasionally used for football practice or other school enterprises until 1980, when a so-called activities building was erected. The building, which houses a gymnasium and other school functions, precipitated the filing of this suit.
While Mr. Mouton and Mr. Odenwald, and supposedly the school’s other neighbors, overlooked activities on the property by Curtis students, they did and do object to the construction of the building measuring 56 feet by 216 feet. As appellants state in their brief: (The plaintiffs gave an inch and the defendant “Curtis” takes a yard.)
Witnesses called-by the school described regular school activity on the lots. While none said that the property was used 365 days a year, they did say that the area was used, except on rainy days, for football practice from August to December and also during the spring months, for daily band practices during the fall semester and again in the spring, for the school fair, for track team practice in the spring, for physical education classes and for recess periods during actual school hours.
The school also owns a house at 207 Celeste Street, which is adjacent to the four subject lots. This house has been used since 1966 for kindergarten activities and for storing athletic equipment. It also has restroom facilities.
Appellants cite Gwatney v. Miller, 371 So.2d 1355 (La.App. 3rd Cir.1979), to wit:
“It is not every violation of a building restriction which will constitute its abandonment. Insubstantial, technical or infrequent violations which do not manifest an intent to subvert the original plan or scheme of development will not constitute an abandonment of the restrictions.”
Here, however, the trial judge did not conclude that school undertakings were either insubstantial, technical or infrequent. In his assigned “Reasons for Judgment,” the judge said:
“The Court is convinced from the testimony of the witnesses that the property in question had been used on a regular basis for ‘business purposes’, even prior to construction of the gym, for a period in excess of two years. The Court further finds, that the use of the property for ‘business purposes’ was noticeable and apparent to anyone in the area.”
The record does contain a reasonable factual basis for the trial judge’s findings, and we cannot say that the findings were manifestly erroneous and should be upset. See Arcenaux v. Domingue, 365 So.2d 1330 (La.1978).
If a violation is “noticeable and apparent,” LSA-C.C. art. 781 sets out a two-year prescription period, as follows:
“No action for injunction or for damages on account of the violation of a building restriction may be brought after two years from the commencement of a no *696 ticeable violation. After a lapse of this period, the immovable on which the violation occurred is freed of the restriction that has been violated.”
We hold, as did the district judge, that regular and continuing use of property by a school for school-related activities can be a “business purpose” and can violate a restrictive covenant encumbering real estate. Once the violations become “noticeable” as stated in Art. 781, a person aggrieved must file suit within two years.
Thus, the maintaining of the exception of prescription, based on the trial judge’s findings of fact, was proper, and we affirm the judgment appealed from. Appellant is to bear all costs.
AFFIRMED.