PER CURIAM.
This appeal arises from an action for a mandatory injunction filed on behalf of Audubon Trace Condominium Association, Inc. (ATCA), plaintiff/appellant, against Richard Smith and Richard Smith, Ltd. (Smith), defendant/appellee. ATCA seeks to enjoin Smith from placing signs on the condominium property advertising Smith’s business as well as to prevent Smith from operating a real estate business in a condominium unit. Furthermore, ATCA seeks to enjoin Smith from using the name, “Audubon Trace” in Smith’s corporate business. Smith and ATCA filed cross motions for summary judgment. The trial judge denied ATCA’s motion and granted Smith’s motion, dismissing ATCA’s petition in part. The trial judge referred to the merits the remaining claim relating to Smith’s use of the corporate name. ATCA now appeals. We remand.
Appellant correctly notes in brief that the judgment in this case was rendered only six days after La.Code Civ.P. art. 1915 was amended by Acts 1997, No. 483. Article 1915(B) now provides:
(B)(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or|2Parties, whether in an original demand, reeonventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court *1065 after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties [emphasis added].
Appellant argues that the partial summary judgment as to some of the claims is a final, appealable judgment since the trial judge expressed his intent by dismissing the claims “with prejudice,” and by signing the order granting an appeal. However, article 1915(B) requires that the judgment be “designated as a final judgment by the court after an express determination that there is no just reason for delay.” These requirements have not been met in this case.
Furthermore, article 1915(B)(2) provides that in the absence of such a determination and designation, the order “may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities'of all the parties.”
Therefore, IT IS ORDERED that this matter be and is hereby remanded for an evidentiary hearing within a reasonable period of time from the date of this per curiam in order for the trial judge to determine whether the judgment rendered on July 7, 1997 should be “designated as a final judgment by the court after an express determination that there is no just reason for delay”[1] in accordance with La.Code Civ.P. art. 1915.
IT IS FURTHER ORDERED that the above-captioned matter be removed from the docket of February 4,1998.
REMANDED WITH INSTRUCTIONS.

. We also note thát article 1915(B) further provides that the parties can specifically agree the judgment constitutes a final judgment. However, there is no specific agreement in the record.