11 WICKER, Judge.
This case is a dispute between attorneys regarding division of client fees and • costs under "a contract between the attorneys. The matter was previously before us on appeal of the granting of a partial summary judgment, which we reversed and remanded because it was not ripe for summary judgment. Warner v. Carimi, 96-55 (La.App. 5 Cir. 6/25/96), 678 So.2d 561. It now comes before us on appeal of three judgments, consisting of two partial summary judgments and a third judgment granting an exception of prescription (which the trial court treated as a partial exception of cause of action) as to plaintiffs claims under the Unfair Trade Practices Act.
All three judgments were rendered on September 8, 1997. However, effective July 1,1997 the legislature amended La.Code Civ. P. Art.1915 regarding appealability of partial judgments. As amended and reenacted the article now provides, in pertinent part:
Art.1915. Partial judgment; partial exception; partial summary judgment * * * .
(B)(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconven-tional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued ■may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. [Emphasis added.]
La.Code Civ. P. Art.1915, as amended and reenacted by Acts 1997,
In this appeal there are two partial summary judgments and a judgment granting a partial exception of no cause of action or partial exception of prescription as to one cause of action asserted by the plaintiff. All three judgments were rendered after the July 1, 1997 effective date of Act 483. However, the record contains no specific agreement by the parties as to the finality of the judgments, nor any “express determination” by the trial court that there is no just reason for delay and designating the judgments as final.
Accordingly, IT IS ORDERED that this matter be and it hereby is remanded for an evidentiary hearing by the trial court, within a reasonable time from the rendition of this ruling, to determine whether the judgments rendered on September 8, 1997 should, be designated as final judgments after express determination that there is no just reason for delay, pursuant to La.Code Civ. P. Art. 1915(B). See Audubon Trace Condominium Association, Inc. v. Smith, 97-1082 (La.App. 5 Cir. 1/22/98), 708 So.2d 1064.
IT IS FURTHER ORDERED that this matter be removed from the docket of April 2,1998.

REMANDED WITH INSTRUCTIONS.