IzGOTHARD, Judge.
Plaintiff appeals from a decision granting summary judgment in favor of defendants, dismissing with prejudice several claims filed by plaintiff against defendant. For the following reasons, we affirm the decision of the trial court.
Audubon Trace Condominiums is a condominium development constructed in Jefferson Parish in the early 1980s. The Audubon Trace Condominium Association (“ATCA”), plaintiff herein, is its administrator and operator.
Defendant, Richard Smith and Richard Smith, Ltd. (“Smith”) is a real estate broker, who has sold and leased condominium units in Audubon Trace, since 1984. Smith has maintained a sales office, and has posted signs in association therewith, in Audubon Trace at Unit 2911 since 1986. Prior to 1994, Smith also sold other real estate from that office.
On May 7,1991, the Board of Directors for ATCA adopted a resolution recognizing and allowing the President of the Board to reach agreements with Smith for the continuation of Smith’s sales and management affairs of the Condominium property.
13In July of 1992, Twilla Jordan David, buyer of one condominium unit, filed suit against Smith and against ATCA, Twilla Jordan David v. Richard R. Smith, Richard Smith, Ltd., Patricia Goodyear and The Audubon Trace Condominium Association, Inc., Number 436-858, Division “B” on the docket of the 24th Judicial District Court for the Parish of Jefferson. This suit was consolidated with two other suits also filed by Ms. David involving the same issues. Ms. David sought, in addition to other claims, to enjoin Mr. Smith from operating his real estate business in a condo unit and to get rid of his external signs. Ms. David’s suits were compromised by agreement in 1996.
In March of 1993, a second condominium unit owner, Mr. Katz, filed suit to require Smith to remove his business office and to mandate the Parish to enforce alleged violation of zoning ordinances. ATCA was not a party to this suit. William M. Katz v. Linda O’Dwyer, wife of/and Richard Smith, et al, Number 446-933, Division “D” on the docket of the 24 th Judicial District Court for the Parish of Jefferson. The trial court rendered judgment in March of 1994 which prohibited Smith from operating a general real estate office, but allowed him to continue real estate activities with regard to the Condominium Development. The remainder of the case was dismissed in September of 1996.
During this time period, on February 7, 1994, the Board of Directors of the ATCA passed a resolution which allowed Smith to continue to operate from Unit 2911, provided that he meet certain requirements which included settlement of the then pending David and Katz cases. The record reflects that Smith complied with all enumerated require- *1116 merits, ending with the settlement of the David and Katz cases in September of 1996.
|4On January 13, 1995, ATCA instituted the present proceedings with the filing of a petition for preliminary injunction against defendants, Richard Smith and Richard Smith, Ltd. In the petition, ATCA alleges that defendants had placed signs on the common areas of the condominium in violation of the bylaws of the condominium association. ATCA prayed that defendants be ordered to remove all signs and enjoined from the future placement of any signs on the property. On March 7, 1995, plaintiffs filed a first supplemental and amending petition, alleging that defendants were operating a real estate business out of condominium unit number 2911, in violation of the Declaration of Condominium Ownership, and requesting that an injunction be issued to order the immediate cessation of the business activities. Plaintiffs further alleged trade name infringement.
On summary judgment the trial court ruled in favor of Smith, dismissing the claims of ATCA with prejudice, except those claims involving the use of the name “Audubon Trace” and the various logos utilized by the parties.
Plaintiff filed a motion for appeal with this court, however this court remanded the case because, in the absence of a determination by the district court, the judgment was not a final appealable judgment pursuant to La. C.C.P. art.1915. On February 17, 1998, on motion of the parties, the district court signed an order which found that the judgment sought to be appealed was a final judgment and that there was no just cause for delay of the appeal in this matter. This appeal followed.
The trial court, in granting the summary judgment in favor of the defendants, ruled that defendants could continue to operate the business of selling and leasing condominiums from unit 2911 and that defendants could continue to ^maintain their existing sign advertisements. In his reasons for judgment, the trial court found that 1) plaintiffs action had prescribed; 2) defendant had relied, to his detriment, on plaintiffs resolution allowing defendants to continue their nonconforming use; and 3) plaintiff allegation had been raised and/or litigated in case numbers 460-048, 436-858 and 446-933 on the docket of the 24th Judicial District Court for the Parish of Jefferson, and therefore the present suit was barred by the doctrine of res judicata. In addition, the trial court found that the resolution passed by the Board of Directors in 1993 was a transaction and compromise and therefore was res judi-cata to the claims herein.
We find that the trial court correctly held that the instant action was barred by the two year prescriptive period of La. C.C. art. 781. Accordingly, we do not reach the remaining issues presented in this appeal.
Condominiums are subject to the laws regulating building restrictions.[1] R.S. 1121.106; Nepveaux v. Linwood Realty Co., Inc., 435 So.2d 589 (La.App. 3 Cir.1983).
La. C.C. art. 775 provides that:
Building restrictions are charges imposed by the owner of an immovable in pursuant of a general plan governing building standards, specified uses, and improvements. The plan must be feasible and capable of being preserved.
leLa. C.C. art. 777 provides that:
Building restrictions are incorporeal im-movables and rial rights likened to predial servitudes. They are regulated by application of the rules governing predial servi-tudes to the extent that their application is compatible with building restrictions.
The Declaration of Condominium Ownership and the By-laws at issue herein prohibit the use of a condominium unit for purposes other than residential, and the placement of signs on the condominium grounds. These restrictions on use are building restrictions as con *1117 templated by La. C.C. art. 775.[2] See generally, Mulberry Ass’n., Inc. v. Richards, 369 So.2d 185 (La.App. 4 Cir.1979) (maintaining a law office violated building restriction allowing for residential use only); Ellis v. Dearing, 435 So.2d 1107 (La.App. 1 Cir.1983) (beauty parlor in violation of residential only building restriction).
|7La. C.C. art. 781 provides that:
No action for injunction or for damages on account of a building restriction may be brought after two years from the commencement of a noticeable violation. After the lapse of this period, the immovable on which the violation occurred is freed of the restriction that has.been violated.
Once a violation of building restrictions becomes noticeable, as stated in Art. 781, a person aggrieved must file suit within two years. Mouton v. Curtis, 456 So.2d 694 (La.App. 5 Cir.1984). See also, Nepveaux v. Fitzgerald, 480 So.2d 346 (La.App. 3 Cir.1985).
In this case, the undisputed facts show that Smith has operated a real estate venture, in contravention to the building restrictions set forth in the Condominium Declaration and By-laws, since 1984, and had operated that venture out of Unit 2911 since 1986. Smith operated his real estate business, openly and with the approval of the ATCA, as evidenced by the resolution of the Board of Directors passed 1991, until the filing of the David and Katz cases in 1993. ATCA did not file the instant suit until 1995. Because Smith operated his real estate business for more than two years before the filing of the first suits in 1993, and the filing of the instant suit in 1995, this matter is prescribed.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against appellants.
AFFIRMED.

. R.S. 1121.106 provides:
A zoning, subdivision, building code, or other land use law, ordinance, or regulation may not prohibit the condominium form of ownership or impose any requirement upon condominium property which it would not impose upon a physically identical development under a different form of ownership. Otherwise, no provision of this Part invalidates or modifies any provision of any zoning, subdivision, building code, or other land use law, ordinance, or regulation.

. Appellants, in brief, argue that the limitations in the Declaration and By-laws are not building restrictions, but instead are predial servitudes subject to the ten year prescriptive period of La. C.C. arts. 753 and 754. The distinction between predial servitudes and building restrictions was explained by the Louisiana Supreme Court in Diefenthal v. Longue Vue Management Corp., 561 So.2d 44, 58 (La.1990), footnote 9:
Building restrictions are incorporeal immov-ables and real rights likened to predial servi-tudes. They are regulated by application of the rules governing predial servitudes to the extent that their application is compatible with the nature of building restrictions. C.C. art. 777. As comment (d) to that article observes, "The matter of classification of building restrictions has given rise to analytical difficulties in Louisiana.” We find it doubtful, however, that these covenants would be classed as servitudes: "Man’s activities are not the subject of predial servitudes, for it is an estate and not man which is subservient to a servitude.” Reymond v. State, Through Department of Highways, 255 La. 425, 231 So.2d 375, 382 (1970).
We too find it doubtful that the actions complained of herein, namely violations of restrictions on the right of use and prohibitions of placements of signs would be classified as servi-tudes and we find that they are more properly classified as building restrictions.