I «WALTER J. ROTHSCHILD, Judge.
On February 14, 2001, the plaintiff, Barry Gentry, filed suit against West Jefferson Medical Center (“West Jefferson”) alleging that he sustained damages while exercising at West Jefferson’s health club when he inhaled toxic fumes. The toxic fumes were allegedly present due to the renovation of the health club’s swimming pool. West Jefferson answered the suit, denying any liability for Mr. Gentry’s damages.
On May 23, 2001, West Jefferson filed a third party demand against Fibre Tech, asserting that if any injuries were suffered by the plaintiff, they were caused by Fibre Tech, which is the company that was hired to renovate the pool. West Jefferson further contended that, pursuant to the contract between West Jefferson and Fibre Tech, it is entitled to full defense and indemnification, including interest, attorney fees, and costs, from Fibre Tech to the full extent of any’ judgment in favor of the plaintiff and against West Jefferson. On January 22, 2002, Fibre Tech filed a third party demand against Ardsley Maintenance Services, Inc. (“Ardsley”) |3seeking indemnification and defense pursuant to the dealer license agreement between Fi-bre Tech and Ardsley.
West Jefferson filed a motion for summary judgment on February 2, 2004 seeking an order from the trial court instructing Fibre Tech to take over its defense and to indemnify it for any damages that West Jefferson is ordered to pay to the plaintiff. West Jefferson also sought reimbursement from Fibre Tech of the attorney fees and costs already expended.
A hearing on West Jefferson’s motion for summary judgment was held on May 10, 2004. On June 17, 2004, the trial court rendered a judgment, granting West Jefferson’s motion for summary judgment and ordering Fibre Tech “to assume the defense of and indemnify West Jefferson Medical Center and to reimburse West Jefferson its attorney’s fees and defense costs.” It is from this judgment that Fi-bre Tech appeals.

DISCUSSION

West Jefferson argues that this court is without jurisdiction to consider the merits of Fibre Tech’s- appeal, because the judg *130 ment complained of is not a final or ap-pealable judgment. We agree.
LSA-C.C.P. art.1915 provides in pertinent part:
B.(l) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not ter-mínate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
(Emphasis added.)
|4In the present case, Fibre Tech argues that the summary judgment granted by the trial court is final and appealable, because it grants all of the relief sought by West Jefferson in its third party demand. However, the summary judgment does not dispose of any of the claims or issues in the original demand or Fibre Tech’s third party demand against Ardsley. Therefore, all of the claims and issues in this case, “whether in an original demand, reconven-tional demand, cross-claim, third party claim, or intervention,” have not been resolved by the trial court. Further, although Fibre Tech must defend and indemnify West Jefferson for any judgment against it, neither West Jefferson nor any other party was dismissed from the lawsuit pursuant to the summary judgment.
Fibre Tech also argues that the judgment is final pursuant to LSA-C.C.P. art. 1915(A)(3), (4), and (5), which provide as follows:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case when the court:
3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).[1]
4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
However, we find that none of these provisions of art.1915 apply to the instant case to render it a final judgment. Further, the judgment does not indicate that the trial judge designated it as a final judgment or made an express | ^determination that “there is no just rea *131 son for delay.” Therefore, because the judgment at issue is not final and appeal-able, we dismiss Fibre Tech’s appeal. We remand the matter and order the trial court to hold an evidentiary hearing within a reasonable period of time from the date of this opinion in order for the trial court to determine whether or not the judgment rendered on June 17, 2004 should be designated as final for purposes of appeal, in accordance with LSA-C.C.P. art.1915. See Audubon Trace Condominium Association, Inc. v. Smith, 97-1082 (La.App. 5 Cir. 1/22/98), 708 So.2d 1064, opinion after remand, 97-1082 (La.App. 5 Cir. 11/25/98), 722 So.2d 1114.

APPEAL DISMISSED; REMANDED WITH INSTRUCTIONS.

. LSA-C.C.P. Art. 966(E) reads:
A summary judgment may be rendered dis-positive of' a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case,