ItSULLIVAN, Judge.
Lee and Lillian Grantadams appeal the dismissal of their petition for an injunction ordering their neighbors, Chris and Angela Lacombe, to remove a driveway that the Lacombes constructed over the shoulder of River Road, a public road in Rapides Parish. The driveway is within the police jury’s right of way for River Road, but it traverses land over which the Grantadams claim possession. For the following reasons, we affirm.
Facts
The facts of this controversy are not in dispute and were entered into the record by *1131 stipulation of the parties. The Grantadams property lies to the west of the Lacombe property. For purposes of this litigation, both families claim only possession, not ownership, of their respective tracts. The two tracts are separated by a ditch known as _J_2_Dunn’s Bayou. River Road runs through the Grantadams tract parallel to Dunn’s Bayou. The disputed strip of land lies to the east of the blacktopped portion of River Road and west of the water line of Dunn’s Bayou. The Lacombes concede the Granta-dams’ possession of this strip, and the Gran-tadams concede that this strip is part of the parish right of way of River Road, acquired by “implied dedication resulting from the construction of River Road ... and by the maintenance of River Road by the road department of the Rapides Parish Police Jury for a period of time in excess of three (3) years.”
The Lacombes placed a culvert in Dunn’s Bayou and constructed a driveway from their property line to the blacktopped portion of River Road. In briefs, both sides suggest that the Lacombes acted with the permission of the Rapides Parish Police Jury, although this fact is not within the stipulation entered in the record. All apparently agree that the Lacombe tract is not an enclosed estate, but this, too, is not covered by the stipulation.
The Grantadams complain that the driveway was constructed without their permission. They seek removal of the driveway as well as a permanent injunction prohibiting such construction in the future without their permission.
The trial court phrased the issue presented as follows: “Does the public dedication of right of way include the limited right of adjacent owners to cross the shoulder area of the dedicated land to reach the paved travel portion?” Answering this question in the affirmative, the trial court reasoned:
A right of public passage must include access to the paved travel portion. To prohibit private drives crossing the shoulder of the road to get to the pavement would in essence create limited access highways controlled by the underlying landowner. Rights of way would need to be obtained along property lines to allow access to both sides. This is not in keeping with the concept of public use.
The landowner crossing the shoulder of the road could not do so in such a manner as to unduly burden the property. Multiple crossings, |⅞ structures, drainage blocks etc. would exceed the public’s expectation of need. In this case a single driveway crossing a very few feet between the petitioner’s property line and the paved portion of the road fits within an anticipated use. The petitioner reaps sufficient benefit from having a publicly maintained road to suffer such small inconvenience.
... This driveway crossing’s benefits clearly outweigh any limitations of use of a small portion of the remaining strip of land between the pavement and the boundary. The Court finds it an accepted use within the purpose of the dedicated right of way.
Opinion
We first note that, although the parties’ stipulation speaks of the “implied dedication” of River Road, its reference to the police jury’s construction and. maintenance of the road indicate that the parties are, in fact, stipulating to the “tacit dedication” of the property pursuant to La.R.S. 48:491. For the difference between an implied and a tacit dedication, see St. Charles Parish School Board v. P & L Investment Corp., 95-2571 (La.5/21/96); 674 So.2d 218 (La.1996).
In his treatise, Professor Yiannopoulos comments on the effects of a tacit dedication:
The public acquires by virtue of a tacit dedication a servitude of passage, as well as a servitude of public utility. The ownership of the land on which the road or street is built is not conveyed to the public. The land on which a tacitly dedicated road or street is built is, therefore, a private thing subject to public use. Upon termination of the public use for any cause the land is freed of the burden.
(Footnotes omitted.) A.N. Yiannopoulos, PROPERTY, 2 Louisiana Civil Law Treatise § 100, at 220 (3d ed. 1991).
The width of the right of way acquired by tacit dedication is limited to the area actually maintained by the parish. Mi *1132 oton v. Mannina, 536 So.2d 793 (La.App. 5 Cir.1988). In the instant case, we need not consider the police jury’s actual maintenance because the parties have stipulated that the driveway is located within the public right of way, albeit over land in the Grantadams’ possession.
14 Our research reveals no case directly on point. Two cases cited by the Grantadams can be interpreted as supporting the La-combes’ position. In Mioton, 536 So.2d 793, the plaintiffs obtained permission from the parish to build a driveway connecting their property to a public road. To reach the road, the plaintiffs had to construct their driveway over property owned in common by the residents of an adjoining subdivision. The plaintiffs sued to prevent these residents from obstructing their driveway, but were unsuccessful. The court found that because the parish maintained only the paved portion of the road, the grassy area adjoining the roadbed (the shoulder) was not subject to public use. The plaintiffs were ordered to remove the driveway, even though they had acted in good faith with the permission of the police jury. In Manzanares v. Meche, 506 So.2d 957 (La.App. 3 Cir.), writ denied, 508 So.2d 822 (La.1987), the court ordered the removal of defendants’ driveway after determining that it extended over a portion of the plaintiffs’ land not burdened by the public right of way. Significantly, the court found that a reasonable right of way included the roadbed and its shoulders and ditches. Both Mioton and Manzanares suggest that those two driveways would have been a permissible use of the right of way, had the driveways been confined to the land tacitly dedicated to public use. In the instant case, the parties have stipulated that the Lacombes’ driveway is located wholly within the parish right of way.
In Guzzardo v. Campo, 486 So.2d 912 (La.App. 1 Cir.), writ denied, 488 So.2d 1026 (La.1986), the court held that a property owner whose land had been tacitly dedicated to public use could not prevent his neighbor from using the roadbed and an adjoining strip that the parish had also maintained. In that ease, the parties owned contiguous tracts of land bordered on the south by a public highway. The Campos constructed a small lane on their property from the public highway north toward their house and parallel to the Guzzardos’ property line. Over time, the Guzzardos began |5 using the strip of land between the lane and their property line as parking and access to their business. While this use continued, the police jury began placing gravel in the lane and asphalt over the adjoining area. Eventually, the Campos erected a fence to block the Guzzar-dos’ access to the lane. The Guzzardos sued to have the lane declared a public road and to force the removal of the fence; the Campos reconvened for damages and injunctive relief to prevent the Guzzardos from using the disputed strip between the lane and the property line. The court found that both the lane and the disputed strip had been tacitly dedicated to public use through the police jury’s maintenance of both areas. Therefore, the Campos could not block the entrance to the lane, nor could they prevent the Guzzar-dos from using the disputed strip.
The Guzzardos’ use of the tacitly dedicated land allegedly included installing a sewer line, dumping garbage, and removing gravel from the lane. We believe that some of these activities are beyond the public servitude of passage that results from a tacit dedication. However, the case illustrates that a tacit dedication may benefit only one member of the public or one landowner. See also, Lincoln Parish Police Jury v. Davis, 559 So.2d 935 (La.App. 2 Cir.1990).
The trial court concluded that the La-eombes’ driveway was a proper exercise of the servitude of passage over tacitly dedicated land. When we consider the limited intrusion posed by this driveway and the La-combes’ position as landowners adjacent to the public right of way, we find no error.
For the above reasons, the judgment of the trial court is affirmed at appellants’ cost.
AFFIRMED.