STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 1330

ROGER W. HOFFMAN

VERSUS

THE UNOPENED SUCCESSION OF DOMINIQUE MARIE BUTLER

Judgment Rendered:   JUN 3 0 2021

* * * * * *

On Appeal from the Twenty-Third Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Docket No. 123,164

Honorable Alvin Turner, Jr., Judge Presiding

* * * * * *

Amos J. Cormier, III
Felix J. Sternfels
Napoleonville, LA

Counsel for Plaintiff/Appellant
Roger W. Hoffman


Allen J. Myles
Plaquemine, LA

Counsel for Defendant/Appellee
Unopened Succession of
Dominique Marie Butler


* * * * * *

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

**McClendon, J.**

In this appeal, plaintiff-appellant challenges a trial court judgment that granted a permanent injunction enjoining the public sale of immovable property belonging to minor children without appraisal; ordered an appraisal of the property with each party to bear half of the costs; and, ordered that the minimum price of the sale be at least two-thirds of the appraised value. For the reasons that follow, we amend the judgment of the trial court, and affirm as amended.

## FACTUAL AND PROCEDURAL HISTORY

Dominique Marie Butler died on February 13, 2018. She was survived by four minor children: Makiyah Butler, Tija Butler, Kaleb Butler, and Blake Pleasant. On September 12, 2018, Roger W. Hoffman filed a petition seeking partition of a certain tract of immovable property identified as 251 Evangeline Drive, Donaldsonville, Louisiana 70346 (the property). The petition for partition named as defendant the Unopened Succession of Dominique Marie Butler (Ms. Butler's succession). Mr. Hoffman alleged that he and Ms. Butler's succession owned the property in indivision, in the proportion of an undivided one-half interest each; that the property was insusceptible of being partitioned in kind; and, that the co-owners had been unable to agree upon a non-judicial partition. Accordingly, Mr. Hoffman moved for a curator ad hoc to be appointed to represent the interests of Ms. Butler's succession and her minor children, and sought to have the property sold at private sale or public auction in order to effect a partition by licitation.

A court-appointed curator answered Mr. Hoffman's petition for partition on behalf of Ms. Butler's succession on May 29, 2019. Following a trial to partition the property, which the court-appointed curator did not attend, the trial court executed a September 23, 2019 judgment ordering the partition and sale of the property. On December 10, 2019, the Ascension Parish Sheriff issued a notice of seizure and sale of the property. The public sale was initially set for January 22, 2020, but was later rescheduled for June 24, 2020.

On June 19, 2020, a provisional administrator, on behalf of Ms. Butler's succession, filed a petition for injunctive relief seeking to enjoin the sale of the

2

property belonging to Ms. Butler's minor children without appraisal. Therein, it was alleged that Mr. Hoffman was aware that the provisional administrator was the legal custodian of Ms. Butler's children, but that he failed to provide her contact information to the court-appointed succession curator, because he "wants this sale to proceed without appraisal so that he can bid the property in cheap, undermining the minors['] interest." The trial court granted the temporary restraining order restraining the sale of the property until further order of the court "because a sale without appraisal does not protect the minors herein that are co-owners."

Following a July 9, 2020 hearing, the trial court granted the preliminary injunction and enjoined the public sale until further order of the court. A written judgment consistent therewith was executed on July 21, 2020.

On July 31, 2020, the trial of the permanent injunction was taken up.[1] The trial court granted judgment in favor of Ms. Butler's succession. A written judgment in conformity therewith was executed on September 15, 2020, and provided in pertinent part as follows:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the public sale of the minor[s'] property without appraisal be permanently enjoined.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that an appraisal of the property be done and that the parties each pay fifty (50%) percent of the cost.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the minimum price at the sale be set at two-thirds (2/3) of the appraisal value.

From this judgment, Mr. Hoffman appeals.

## RULE TO SHOW CAUSE

On March 1, 2021, this Court issued a Rule to Show Cause Order, stating that the September 15, 2020 judgment on appeal did not describe the immovable property in question with sufficient particularity. Citing LSA-C.C.P. art. 1919, this Court ordered the parties to show cause by briefs whether the appeal should or

---

[1] Mr. Hoffman filed an answer to the petition for injunction and denied the allegations made therein the same day.

should not be dismissed. The Rule to Show Cause Order was referred to the panel to which this appeal is assigned. Accordingly, we address it herein.

Louisiana Code of Civil Procedure article 1919 provides:

> All final judgments which affect title to immovable property shall describe the immovable property affected with particularity.
>
> This article does not apply to judgments in succession proceedings recognizing heirs or legatees and sending them into possession.

Similarly, LSA-C.C.P. art. 2089 provides:

> All judgments and decrees which affect title to immovable property shall describe with particularity the immovable property affected.

In **Carmena v. O'Connell**, 2018-0661 (La.App. 1 Cir. 2/6/19), 2019 WL 474730 (unpublished), the judgment on appeal permanently enjoined the plaintiffs from interfering with the defendant's use and enjoyment of a servitude of access located on plaintiffs' property, but did not contain a specific description of the immovable property and servitude affected. This Court found that although the judgment was subject to the specificity requirements of LSA-C.C.P. arts. 1919 and 2089, "the failure of the judgment to specifically describe the servitude does not nullify or affect the judgment rendered." **Carmena**, 2019 WL 474730 at *2, citing **Goal Properties, Inc. v. Prestridge**, 2014-0422 (La.App. 3 Cir. 11/5/14), 150 So.3d 610, 613. This Court further wrote:

> Where the record contains an accurate description of the subject property, courts have addressed the merits of the case and amended the judgment to include the property description. See **George M. Murrell Planting & Manufacturing Company v. Dennis**, 2006-1341 (La. App. 1 Cir. 9/21/07), 970 So.2d 1075, 1088; **Fields v. Etheridge**, 487 So.2d 551, 552 (La. App. 4 Cir. 1986). In other cases, appellate courts have determined the merits of the appeal and remanded to the trial courts for reformation of the judgment to comply with La. C.C.P. art. 1919. See **Williams v. Adams**, 2010-0477 (La. App. 1 Cir. 11/1/10), 2010 WL 4278275 *5 (unpublished); **Hooper v. Hero Lands Company**, 2015-0929 (La. App. 4 Cir. 3/30/16), 216 So.3d 965, 980-81, writ denied, 2016-0971 (La. 9/16/16), 206 So.3d 205.
>
> In this case, the act of sale by which Mr. O'Connell acquired the servitude of passage contains an accurate description of the servitude in question. Accordingly, we maintain the appeal and will amend the judgment to comply with La. C.C.P. art. 1919.

**Carmena**, 2019 WL 474730 at *2-3.

4

In this matter, as in **Carmena**, an accurate description of the property at issue appears in the record before us. Accordingly, we maintain the appeal and will amend the judgment to comply with the specificity requirements of LSA-C.C.P. art. 1919.[2]

## LAW AND DISCUSSION

Louisiana has two types of judicial partitions, in kind and by licitation. LSA-C.C. art. 810, 811. Partition in kind is favored. LSA-C.C. art. 810; LSA-C.C.P. art. 4606. When property is indivisible by nature or cannot be conveniently divided, however, the law directs the court to order partition by licitation or by private sale, and the proceeds are then distributed to the co-owners in proportion to their shares. LSA-C.C. art. 811. Partition by licitation is conducted by public auction, after the advertisements required for judicial sales under execution. LSA-C.C.P. art. 4607; **Pugh v. NPC Services, Inc.**, 97-2360 (La.App. 1 Cir. 11/6/98), 721 So.2d 1056, 1057, <u>writ denied</u>, 98-3052 (La. 2/5/99), 738 So.2d 4.

Mr. Hoffman's first assignment of error is that the trial court erred in issuing a temporary restraining order enjoining the public sale of property of the succession without requiring the posting of security. LSA-C.C.P. art. 3610. Louisiana jurisprudence holds that an issue is moot when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic." **Pierce v. McCoy**, 2016-0243 (La.App. 1 Cir. 10/31/16), 207 So.3d 1069, 1073. In the context of a petition for injunctive relief, "where the trial court renders judgment on the merits on the petition for a permanent injunction ... the issue of the preliminary injunction becomes moot." **Pierce**, 207 So.3d at 1073. In this matter, the trial court held a trial on the merits and granted the petition for permanent injunction, thus rendering the issue of the preliminary

---

[2] We note that in **Clark v. Fazekas**, 2019-1386 (La.App. 1 Cir. 5/11/20), 303 So.3d 1066, this Court dismissed the appeal of a judgment affecting immovable property because the judgment failed to describe the property with particularity. However, the circumstances in **Clark** are significantly distinguishable from those in **Carmena** and the instant matter, because the servitude at issue in **Clark** was not accurately and fully described in any property description contained in relevant documents in the record. **Clark**, 303 So.3d at 1069, n. 2.

5

injunction moot. See **Pierce**, 207 So.3d at 1073. Consequently, this assignment of error lacks merit.

Mr. Hoffman's second assignment of error is that the trial court erred in finding that Ms. Butler's minor children are co-owners of the property in dispute, because the record does not contain evidence of the children's ownership. Having thoroughly reviewed the record in its entirety and the applicable law, we find that the trial court did not err in treating Ms. Butler's minor children as co-owners because Mr. Hoffman judicially confessed the ownership of the minor children.

A judicial confession is a declaration made by a party in a judicial proceeding. It constitutes full proof against the party who made it, is indivisible, and may be revoked only on the basis of error of fact. LSA-C.C. art. 1853; **Cichirillo v. Avondale Industries, Inc.**, 2004-2894 (La. 11/29/05), 917 So.2d 424, 428-29. A judicial confession is a party's explicit admission of an adverse factual element. Such a confession has the effect of waiving evidence as to the subject of the admission and withdrawing the subject matter of the confession from issue. **Cichirillo**, 917 So.2d at 429. Thus, a judicial confession may be characterized as a rule of *evidence* that deems a party's declaration to be *proof* of the facts or obligations therein confessed. See **Succession of Villarrubia**, 95-2610 (La. 9/5/96), 680 So.2d 1147, 1151 (Lemmon, J. dissenting). An admission in a pleading falls within the scope of a judicial confession. As such, it is full proof against the party making it. **Cola v. Cola**, 2019-0530 (La.App. 1 Cir. 12/27/19), 294 So.3d 6, 11, reh'g denied (Jan. 23, 2020), writ denied, 2020-00344 (La. 6/3/20), 296 So.3d 1068, reconsideration not considered, 2020-00344 (La. 10/6/20), 302 So.3d 530.

In this matter, Mr. Hoffman filed a petition seeking partition of property that he co-owned with Ms. Butler, wherein he alleged that Ms. Butler is deceased and survived by four minor children. Succession is the transmission of ownership of the estate of the deceased to his successors, and occurs by operation of law at the moment of death. LSA-C.C. arts. 871, 934, and 935; **Matthews v. Horrell**, 2006-1973 (La.App. 1 Cir. 11/7/07), 977 So.2d 62, 74, n. 9. It is undisputed that Ms.

6

Butler's minor children are her successors[3] and therefore acquired ownership of her estate at the time of her death. As set forth above, Mr. Hoffman's petition for partition asserted that judicial partition was warranted because he and the co-owners of the property had been unable to agree upon a non-judicial partition. Further, Mr. Hoffman's petition sought the appointment of a curator ad hoc to represent the interests of Ms. Butler's succession as well as her minor children. Accordingly, we find the record establishes a judicial confession of the minor childrens' ownership in the property.[4] This assignment of error lacks merit.

In his third, fourth, and fifth assignments of error, Mr. Hoffman contends that the trial court erred in granting the permanent injunction, in requiring an appraisal, and in requiring a minimum sale price of two-thirds of the appraisal value, respectively. Regarding the permanent injunction, Mr. Hoffman argues that the September 15, 2020 judgment denies his right to a partition as set forth in LSA-C.C. art. 807, which provides that "[n]o one may be compelled to hold a thing in indivision with another unless the contrary has been provided by law or juridical act," and "[a]ny co-owner has a right to demand partition of a thing held in indivision." With respect to the conditions of an appraisal and a minimum price, Mr. Hoffman relies on LSA-C.C.P. art. 4602 and LSA-C.C.P. art. 4607. Article 4602 requires a judicial partition in the event the interested parties cannot agree upon a nonjudicial partition. Article 4607 addresses partition by licitation, and provides:

> When a partition is to be made by licitation, the sale shall be conducted at public auction and after the advertisements required for judicial sales under execution. When a partition is to be made at private sale without the consent of all co-owners, the sale shall be for not less than two-thirds of the appraised value of the property and shall be made by a court-appointed representative, who may be a co-owner, after the advertisements required for judicial sales under execution are made. All counsel of record, including curators appointed to represent absentee defendants, and persons appearing

---

[3] The record does not indicate whether Ms. Butler died testate or intestate. However, Ms. Butler's minor children were forced heirs at the time of her death pursuant to LSA-C.C. art. 1493. Accordingly, they acquired ownership of at least one-half of her estate regardless.

[4] We note Mr. Hoffman's argument that Ms. Butler's succession is the co-owner of the property. However, LSA-C.C. art. 871 provides that a succession "is the transmission of the estate of the deceased to his successors." The Comments to article 871 explicitly state that the article "is intended to establish that the word 'succession' means the process by which heirs and legatees succeed to the property of the deceased", and that the intent of the revision was to eliminate the meaning of "succession" which describes the "estate" of the deceased as a separate legal entity. See **Matthews**, 977 So.2d at 74.

7

in proper person shall be given notice of the sale date. At any time prior to the sale, the parties may agree upon a nonjudicial partition.

In response to Mr. Hoffman's arguments, Ms. Butler's succession maintains that the trial court has discretion to enjoin the sale without appraisal in order to protect the best interests of the minor children and prevent them from suffering irreparable injury. For the reasons that follow, we agree.

Louisiana Code of Civil Procedure article 4605 provides, "[e]xcept as otherwise provided in Article 4606, the court has discretion to direct the manner and conditions of effecting the partition, so that it will be most advantageous and convenient to the parties."[5] Article 4605, Comment b, provides in pertinent part:

> Unlike Art. 1336 of the Civil Code, which subjects the discretion of the court in the mode of effecting a partition to other provisions of that Code, **the above article gives the court full and unrestricted discretion in directing the manner in which the partition is to be made, except as provided in Art. 4606,** *infra,* which requires the partition to be made in kind unless the property is indivisible by nature or cannot be conveniently divided.

(Emphasis added.)

Interpretation of any statute begins with the language of the statute itself. **David v. Our Lady of the Lake Hosp., Inc.**, 2002-2675 (La. 7/2/03), 849 So.2d 38, 46. When the wording of a statute is clear and unambiguous, "the letter of it shall not be disregarded under the pretext of pursuing its spirit." LSA-R.S. 1:4; **David**, 849 So.2d at 46. Further, there is a well-settled presumption that every word, sentence or provision in the statute was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Thus, our courts must give effect to all parts of a statute and construe no sentence, clause or word as meaningless. **Bias v. Louisiana Physical Therapy Board**, 2018-2042 (La. 6/26/19), 284 So.3d 1194, 1197.

---

[5] As noted above, article 4606 establishes that partition in kind is favored. Specifically, it provides, "[e]xcept as otherwise provided by law, or unless the property is indivisible by nature or cannot conveniently be divided, the court shall order the partition to be made in kind." The transcript of the hearing reflects that the property at issue cannot conveniently be divided, and therefore partition in kind is not appropriate. Thus, article 4606 is not at issue in this matter.

8

The plain language of article 4605 establishes that the trial court has discretion to direct the manner and conditions of effecting the partition. Moreover, Comment b explicitly states that the trial court has "full and unrestricted discretion in directing the manner in which the partition is to be made." The phrase "full and unrestricted discretion" makes clear that unless article 4606 applies, which is not the case in this matter, the legislature did not intend to place any restriction on the trial court's ability to direct the manner in which the partition is made. While Mr. Hoffman correctly asserts that he is entitled to a judicial partition by licitation pursuant to articles 807, 4602, and 4607, the September 15, 2020 judgment at issue does not deny Mr. Hoffman the partition he seeks. Rather, it enjoins the Sheriff's sale "without appraisal" and requires that the sale take place under certain conditions – with an appraisal, and with a minimum price set at two-thirds of the value of that appraisal. Imposition of such conditions is expressly authorized pursuant to the plain language of article 4605 and the Comment thereto. Were we to accept Mr. Hoffman's argument that the trial court erred in granting the injunction and imposing these conditions on the sale, we would render useless the language of article 4605 granting the trial court discretion to direct the manner and conditions of the partition. These assignments of error lack merit.

## CONCLUSION

For the foregoing reasons, that portion of the September 15, 2020 judgment, which previously read as follows:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the public sale of the minor[s'] property without appraisal be permanently enjoined.

Is now amended to read as follows:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the public sale of the minors' property without appraisal be permanently enjoined. Said property is described as follows:
>
> House and Lot located at 251 Evangeline Drive, Donaldsonville, Louisiana 70346.
>
> A certain lot of ground, situated in Parish of Ascension, State of Louisiana, designated as Lot 29 of Hadrian Place Subdivision, more particularly described on that plat prepared by Wallace T. DeBosier of Carey Hodges Associates, Inc., C.E., recorded at COB 339, Entry Number 185397, of the records of the Parish of Ascension, Louisiana,

9

located in Section 96, Township 11 South, Range 14 East, City of Donaldsonville, Ascension Parish, Louisiana, Said Lot having a front of measurement of sixty-two and 50/100 (62.50') feet on the easterly side of Evangeline Avenue, between equal and parallel lines, by a depth of one hundred twenty-five (125.0') feet, said lot being bounded as follows: Northerly by Lot 28 of Hadrian Place Subdivision, Southerly by Lot 30 of Hadrian Place Subdivision, and Westerly by Evangeline Avenue; together with all buildings and improvements thereon and all rights, ways, privileges and servitudes thereunto belonging or in anywise appertaining.

Said LOT 29 of Hadrian Place Subdivision also being shown on that plat prepared by Michael P. Blanchard, P.L.S., dated July 28, 2008, entitled "Plat Showing Final Survey of Phase 1 Of The Hadrian Subdivision, Located In Section 96, Township 11 South- Range 14 East, City of Donaldsonville, Ascension Parish, Louisiana, For Casteigne Real Estate" recorded at Entry Number 704063 of the records of the Parish of Ascension, LA.

It being the same property acquired by Roger W. Hoffman and Dominique Marie Butler from Don Julien Christy, III and Gabriel Armstead Christy by Act of Cash Sale dated June 12, 2017 and filed on June 14, 2017, in the records of the Parish of Ascension under Instrument Number 00925978.

As amended, the judgment is affirmed. All costs of this appeal are assessed to appellant, Roger W. Hoffman.

**APPEAL MAINTAINED; AMENDED AND AFFIRMED AS AMENDED.**