## NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

J&W

Mut.

## 2023 CA 0278

## SLEEPY HOLLOW 2018, LLC

## VERSUS

## MELVIN YOUNG, DORETHA ARMWOOD, JOHN YOUNG, JR., ETHEL P. JEFFERSON, JOHN YOUNG, JR., GLORIA YOUNG MONTGOMERY, BRIAN YOUNG, LORRAINE YOUNG LAWRENCE, JANICE YOUNG, KENNETH YOUNG, AND KATHERINE YOUNG SCALES

WJC
by Mut.

*Judgment Rendered:* **OCT 1 8 2024**

* * * * * *

On Appeal from the Twentieth Judicial District Court
In and for the Parish of West Feliciana
State of Louisiana
Docket No. 24288
Honorable Sydney Picou Walker, Judge Presiding

* * * * * *

| | |
|---|---|
| Richard F. Zimmerman, Jr. | Counsel for Plaintiff/Appellant |
| Juan J. Moreno | Sleepy Hollow 2018, LLC |
| Baton Rouge, Louisiana | |
| | |
| Charles E. Griffin, II | Counsel for Defendants/Appellees |
| St. Francisville, Louisiana | Melvin Young, Ethel P. Jefferson, |
| | Gloria Young Montgomery, |
| | Lorraine Young Lawrence, |
| | Janice Young, Kenneth Young, |
| | and Katherine Young Scales |

* * * * * *

BEFORE: McCLENDON, WELCH, THERIOT, CHUTZ, AND PENZATO, JJ.

Penzato, J. concurs and assigns reasons

McClendon, J. dissents and assigns reasons.

**THERIOT, J.**

In this appeal, Sleepy Hollow 2018, LLC challenges the trial court's April 27, 2022 judgment denying its request for a preliminary injunction. For the following reasons, we reverse the April 27, 2022 judgment insofar as it denied Sleepy Hollow 2018, LLC's request for preliminary injunction, render judgment granting Sleepy Hollow 2018, LLC's request for preliminary injunction, and remand this matter for a hearing on the parties' requests for permanent injunctions.

## FACTS AND PROCEDURAL HISTORY

This matter is a continuation of a previous dispute over a servitude of passage created by destination of the owner. In an earlier case, Rosalie Lindsey filed suit against John Young and the heirs of Bena Young to recognize the servitude of passage. In that case, the plaintiff and the defendants were successors-in-title to immovable property formerly owned by Carrie Young and located in West Feliciana Parish. In 1995, Carrie Young executed an act of donation whereby she donated five acres of her immovable property to John and Bena Young. A gravel road across the five acres was used by Carrie Young to access the back of her property. Carrie Young died in 1996, and Rosalie Lindsey inherited a portion of the property owned by Carrie Young.

Thereafter, a dispute arose between Rosalie Lindsey and John and Bena Young regarding the use of the gravel road. Following a trial in November of 2001, the trial court recognized that a servitude of passage was established at the time of the 1995 donation of the five-acre tract by previous destination of the owner pursuant to La. Civ. Code art. 741. See **Lindsey v. Young**, 2004-0314 (La. App. 1 Cir. 2/16/05); 895 So.2d 79, writ denied, 2005-1063 (La. 6/17/05), 904 So.2d 706 (unpublished).

On December 21, 2021, Sleepy Hollow 2018, LLC ("Sleepy Hollow"), the appellant in this matter, purchased a 314.35-acre tract of land from the Estate of Rosalie Lindsey.[1] The present dispute over the servitude of passage arose shortly thereafter.

On March 8, 2022, Sleepy Hollow filed suit against Melvin Young, John Young, Doretha Armwood, Ethel P. Jefferson, John Young, Jr., Gloria Young Montgomery, Brian Young, Lorraine Young Lawrence, Janice Young, Kenneth Young, Katherine Young Scales, the Estate of John Milton Young, Sr., and the Estate of Bena Young as the owners of the five-acre tract, alleging that it had a servitude of passage established by destination of the previous owner across the Young property. Sleepy Hollow further asserted that the defendants were placing restrictions on and interfering with its use of the servitude. Sleepy Hollow requested a temporary restraining order, preliminary injunction, and permanent injunction, each prohibiting the defendants from interfering with its reasonable use of the servitude.[2]

In response, Melvin Young, Ethel P. Jefferson, Gloria Young Montgomery, Lorraine Young Lawrence, Janice Young, Kenneth Young, and Katherine Young Scales, individually and on behalf of the Estates of John Milton Young, Sr. and Bena Young, and as the owners of the Young property (collectively, "the Youngs"), filed an Answer and Reconventional Demand and Rule for Injunctive Relief, contending that the servitude had prescribed due to nonuse for a period in excess of ten years. They also asserted that Sleepy Hollow was not landlocked and therefore the

---

[1] We note that the December 21, 2021 sale documents identify the estate as that of Rosalee Y. Lindsey. For consistency, we will continue to refer to her as Rosalie Lindsey.

[2] The trial court denied Sleepy Hollow's request for a temporary restraining order.

3

servitude was not needed. The Youngs also requested a preliminary injunction and a permanent injunction.

The trial court set the hearing on Sleepy Hollow and the Youngs' requests for a preliminary injunction for April 6, 2022. On that date, witnesses testified and evidence was presented. At the conclusion of the hearing, the trial court found that a servitude was established but subsequently terminated because it was no longer needed. The trial court further stated that Sleepy Hollow had not proven that it would suffer irreparable injury if the preliminary injunction did not issue. The trial court denied both parties' requests for a preliminary injunction.

On April 27, 2022, the trial court signed its judgment, which provides in pertinent part:

> After hearing the testimony of the witnesses and reviewing the evidence in this matter, the law and evidence being in favor thereof, for the oral reasons this day assigned, the court finding that a servitude no longer exists on the Young Estate property in favor of Sleepy Hollow 2018, LLC, and is no longer burdened with a servitude of access in favor of Sleepy Hollow 2018, LLC:
>
> **IT IS ORDERED, ADJUDGED AND DECREED** that the preliminary injunction sought by **SLEEPY HOLLOW 2018, LLC** is hereby denied.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the preliminary injunction sought by **MELVIN YOUNG, ET AL** is moot, based on the above finding.

Thereafter, Sleepy Hollow requested written reasons, which were issued on May 12, 2022.

In its written reasons for judgment, the trial court stated that Sleepy Hollow and the Youngs had each failed to prove that they would suffer irreparable injury if a preliminary injunction was not issued. Regarding the potential existence of a servitude, the trial court noted that the servitude had initially been used as a passageway from the public road to a now-unoccupied house on the property. The trial court further stated that Sleepy Hollow could build its own road on the property,

4

which it found had the road frontage available to access the public road. Accordingly, the trial court found that the servitude should be terminated as it was no longer needed.

Sleepy Hollow then filed a Motion for New Trial, Motion for Appeal from a Denied Preliminary Injunction, and Motion to Designate Judgment as Final. The trial court set the motion for a new trial for hearing, granted the appeal, and deemed the judgment final.[3] Sleepy Hollow's Motion for New Trial was denied following a hearing.

Sleepy Hollow now appeals the trial court's April 27, 2022 judgment denying its motion for a preliminary injunction and December 29, 2022 judgment denying its motion for new trial.

Sleepy Hollow assigns the following as error:

1) The trial court erred in ruling on the merits of the case on a preliminary injunction hearing, where the parties did not expressly agree to submit the case for a final decision;

2) The trial court erred in denying Sleepy Hollow's motion for new trial on the basis that the parties acquiesced in submitting the case for a final determination, when there was no discussion or express agreement to submit the case for a final determination;

3) The trial court erred in ruling that a servitude by destination terminates if there is access to a public road and is no longer needed; and

4) The trial court erred in ruling that a party must prove irreparable harm to obtain a preliminary injunction to enforce a predial servitude.

## APPLICABLE LAW

Injunctive Relief

An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law. La. Code Civ. P. art. 3601(A). The writ of injunction, a harsh, drastic, and

---

[3] Sleepy Hollow also filed a Motion to Recuse the Trial Judge. After the appointment of a judge ad hoc and a hearing on the motion to recuse, the motion to recuse was denied with reasons.

extraordinary remedy, should only issue in those instances where the moving party is threatened with irreparable loss or injury and is without an adequate remedy at law. **Concerned Citizens for Proper Planning, LLC v. Parish of Tangipahoa**, 2004-0270 (La. App. 1 Cir. 3/24/05), 906 So.2d 660, 664.

A preliminary injunction is an interlocutory judgment designed to preserve the status quo between the parties pending a trial on the merits. **Stevens Construction & Design, L.L.C. v. St. Tammany Fire Protection District No. 1**, 2018-1759 (La. App. 1 Cir. 1/16/20), 295 So.3d 954, 957-58 (*en banc*), writ denied, 2020-00977 (La. 11/4/20), 303 So.3d 650. It is issued in summary proceedings incidental to the main demand for permanent injunctive relief. Generally, a party seeking the issuance of a preliminary injunction must show that it will suffer irreparable injury if the injunction does not issue and must show entitlement to the relief sought; this must be done by a *prima facie* showing that the party will prevail on the merits of the case. **Concerned Citizens**, 906 So.2d at 664. However, a party seeking injunctive relief to restore a real right in immovable property pursuant to La. Code Civ. P. art. 3663 is not required to prove irreparable injury. See **Pierce v. McCoy**, 2016-0243 (La. App. 1 Cir. 10/31/16), 207 So.3d 1069, 1074.

Louisiana Code of Civil Procedure article 3612(B) provides that an appeal may be taken as a matter of right from an order or judgment granting or denying a preliminary injunction. Whether to grant or deny a preliminary injunction rests within the sound discretion of the trial court. While the trial court's ruling will not be disturbed on appeal absent an abuse of that discretion, this standard is based upon a conclusion that the trial court committed no error of law and was not manifestly erroneous or clearly wrong in making a factual finding necessary to the proper exercise of its discretion. **Byron E. Talbot Contractor, Inc. v. Lafourche Parish School Board**, 2021-0181 (La. App. 1 Cir. 11/1/21), 332 So.3d 699, 702.

6

In contrast, the principal demand for a permanent injunction, as opposed to a preliminary injunction, is determined on its merits only after a full trial under ordinary process. **Singleton v. East Baton Rouge Parish School Board**, 2022-0667 (La. App. 1 Cir. 9/16/22), 353 So.3d 164, 174. Thus, the issuance of a permanent injunction takes place only after a trial on the merits, in which the burden of proof must be carried by a preponderance of the evidence, rather than a *prima facie* showing. **Charter School of Pine Grove, Inc. v. St. Helena Parish School Bd.**, 2007-2238 (La. App. 1 Cir. 2/19/09), 9 So.3d 209, 218.

Nevertheless, parties may agree to consolidate the trial on the merits of a permanent injunction with the hearing on the preliminary injunction. **Mary Moe, L.L.C. v. Louisiana Bd. of Ethics**, 2003-2220 (La. 4/14/04), 875 So.2d 22, 29. However, unless the parties expressly agree to submit the case for final decision at the hearing on the rule for a preliminary injunction, the principal demand for a permanent injunction is determined on its merits only after a full trial under ordinary process, even though the summary hearing on the rule for a preliminary injunction may tentatively decide merit issues. See **Moore v. iDream Enterprises, Inc.**, 2022-0418 (La. App. 1 Cir. 12/14/23), 2023 WL 8636934, *3, --- So.3d ---, ---.

An express agreement by the parties to consolidate the preliminary and permanent injunctions is essential; a trial court is without the authority to unilaterally convert a hearing for a preliminary injunction into a judgment of permanent injunction. **City of Baton Rouge v. State, ex rel. Dept. of Social Services**, 2007-0005 (La. App. 1 Cir. 9/14/07), 970 So.2d 985, 995.

Predial Servitudes

A predial servitude is a charge on a servient estate for the benefit of a dominant estate. La. Civ. Code art. 646. The predial servitude continues as a charge on the servient estate when ownership changes. La. Civ. Code art. 650(B). The owner of the servient estate may be required by convention or by law to keep his estate in

7

suitable condition for the exercise of the servitude due to the dominant estate. La. Civ. Code art. 651. Predial servitudes may be natural, legal, and voluntary or conventional. Voluntary or conventional servitudes are established by juridical act, prescription, or destination of the owner. La. Civ. Code art. 654; **Welch v. Plan. & Zoning Comm'n of E. Baton Rouge Par.**, 2016-0253 (La. App. 1 Cir. 4/26/17), 220 So.3d 60, 64.

A servitude of passage is the right for the benefit of the dominant estate whereby persons, animal, utilities, or vehicles are permitted to pass through the servient estate. La. Civ. Code art. 705. The use and extent of conventional predial servitudes are regulated by the title by which they are created. La. Civ. Code art. 697. It is only where the title does not specify the extent of the right and the mode of exercise of a servitude of passage, that the servitude is subject to interpretation based on what is suitable for the kind of traffic or utility necessary for the reasonable use of the dominant estate. La. Civ. Code art. 705; **Welch**, 220 So.3d at 65. The owner of the servient estate may do nothing tending to diminish or make more inconvenient the use of the servitude. See La. Civ. Code art. 748.

## DISCUSSION

### Assignments of Error #1 and #2

In its first assignment of error, Sleepy Hollow maintains that the trial court improperly ruled on the merits of the case at the hearing on the requests for the preliminary injunctions when the parties did not expressly agree to submit the case for a final decision. In its related second assignment of error, Sleepy Hollow contends that the trial court erred in denying its motion for new trial on the basis that the parties acquiesced in submitting the case for a final determination when there was no discussion or express agreement to do so.

In its April 27, 2022 judgment, the trial court found that a servitude no longer existed in favor of Sleepy Hollow. As a result, the trial court denied the preliminary injunction sought by Sleepy Hollow and found that the preliminary injunction sought by the Youngs was moot. Thereafter, Sleepy Hollow filed its motion for new trial, arguing that the trial court erred in deciding the merits of the case at the preliminary injunction hearing. The trial court stated in response that it "was of the opinion that the parties acquiesced in having the final determination of - - or the final hearing had." The trial court read from part of the discussion at the preliminary injunction hearing, where the trial court asked counsel for Sleepy Hollow the following:

| [Counsel]: | The argument is whether there is an existing servitude across the Young property. |
|---|---|
| The [trial] court: | Sir, as I appreciate it, here's what needs to be determined: Was there a servitude? |
| [Counsel]: | Yes, ma'am. |
| The [trial] court: | If so, has that servitude prescribed - - |
| [Counsel]: | Yes. |

After referring to this line of questioning from the preliminary injunction hearing, the trial court stated at the December 7, 2022 hearing on the motion for new trial:

> So based on that statement and other statements made during the testimony and the evidence that was presented, I believe that the parties had submitted the final determination to me for consideration. For those reasons, I found it was extinguished or I terminated it, all right, by saying that he was no longer landlocked. … [B]oth of the parties, at the time of that hearing, indicated to me that they wanted a final determination.
>
> So I am going to deny your motion for new trial as the parties acquiesced in submitting the case for a final determination when both counsel advised the [c]ourt, on the record, that it was to determine whether there was an existing servitude going across the Youngs' property, and, if so, whether or not it had prescribed.

Our review of the record in this matter reveals no express agreement between Sleepy Hollow and the Youngs to submit the case for a final decision at the April 6, 2023 hearing on the rule for a preliminary injunction, which pertained solely to each

parties' request for a preliminary injunction.[4] The colloquy between the trial court and counsel does not establish an express agreement by the parties to submit the case for final decision. See **Moore**, 2023 WL 8636934 at *3.

Thus, the only issue before the trial court was whether Sleepy Hollow and the Youngs made a *prima facie* showing for the issuance of a preliminary injunction. Admittedly, the trial court may have needed to tentatively determine the existence of a servitude in order to decide whether the parties made such a showing. However, the trial court's factual finding that there was no servitude was not limited to a determination regarding the requests for a preliminary injunction, but rather was a determination on the merits that no servitude existed. Although a trial court's ruling granting or denying a preliminary injunction will generally not be disturbed on appeal absent an abuse of discretion, we find that the trial court committed an error of law when it definitively ruled on the merits of the case without an express agreement by the parties to do so. See **City of Baton Rouge**, 970 So.2d at 995; see also **Byron E. Talbot Contractor, Inc.**, 332 So.3d at 702. These assignments of error have merit.

Assignment of Error #4

Sleepy Hollow argues that the trial court erred in ruling that a party must prove irreparable harm to obtain a preliminary injunction to enforce a predial servitude.[5] Louisiana Code of Civil Procedure art. 3601(A) states that "[a]n injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law[.]" (Emphasis added.) In

---

[4] As previously stated, the law is clear that only when the parties expressly agree to consolidate the hearing on the preliminary and permanent injunction requests may the ruling on the preliminary injunction definitively dispose of the merits of the case. See **City of Baton Rouge**, 970 So.2d at 995. Therefore, without such an agreement between the parties, the merits of the case can be decided only after a full trial under ordinary process, even though the hearing to obtain the preliminary injunction may touch upon or decide issues regarding the merits. Because we find that the record fails to indicate that the parties acquiesced in submitting the case for a final determination, we need not determine whether acquiescence would be a waiver or exception to the requirement that the parties must expressly agree to consolidate the hearing on the hearing for the preliminary and permanent injunctions.

[5] The Youngs have not appealed the trial court's finding of their own request for preliminary injunction to be moot.

accordance therewith, a petitioner seeking injunctive relief must ordinarily establish that irreparable injury, loss, or damage will result if the requested relief is not granted. **Pierce**, 207 So.3d at 1073-74.

However, the plain language of La. Code Civ. P. art. 3601 authorizes injunctive relief in other cases specifically provided by law. Therefore, the article itself contains a provision recognizing the existence of grounds for an injunction which do not require the parties seeking the injunction to show evidence of irreparable injury. **Pierce**, 207 So.3d at 1074.

Pursuant to La. Code Civ. P. art. 3663, a party need only prove, by a preponderance of the evidence, that its real right has been disturbed, and that it or its ancestors in title have had the right of ingress and egress[6] for more than one year, without the necessity to show irreparable harm. (Emphasis added.) See La Code Civ. P. art. 3663; see also **Exxon Mobil Pipeline Co. v. Boyce**, 2007-0241 (La. App. 1 Cir. 6/6/08), 2008 WL 2567649 at *3 (unreported); **Pierce**, 207 So.3d at 1074. **Welch**, 220 So.3d at 65. Because a showing of irreparable harm is not necessary, Sleepy Hollow's fourth assignment of error has merit, and we must determine whether Sleepy Hollow has made a *prima facie* showing that (1) its real right has been disturbed, and (2) it or its ancestors in title have had the right of ingress and egress for more than one year.

Regarding the existence of a real right, this court previously affirmed the trial court's March 26, 2003 judgment recognizing that a servitude of passage by destination of the owner existed in favor of Rosalie Lindsey's property (which is now owned by Sleepy Hollow) upon the Youngs' property. See **Lindsey v. Young**, 2004-0314 (La. App. 1 Cir. 2/16/05); 895 So.2d 79, writ denied, 2005-1063 (La. 6/17/05), 904 So.2d 706 (unpublished). Accordingly, Sleepy Hollow has made a

---

[6] Ingress is defined as "[t]he act of entering" or "[t]he right or ability to enter; access." **INGRESS**, Black's Law Dictionary (11th ed. 2019). Egress is defined as "[t]he act of going out or leaving" or "[t]he right or ability to leave; a way of exit." **EGRESS**, Black's Law Dictionary (11th ed. 2019).

*prima facie* showing that its ancestors-in-title possessed a real right, for more than one year, which was ultimately transferred to Sleepy Hollow upon its December 21, 2021 purchase of the 314.35-acre tract from the Estate of Rosalie Lindsey.

As to whether Sleepy Hollow's real right has been disturbed, Sleepy Hollow alleged in support of its request for a preliminary injunction that the Youngs, acting through Melvin Young, were impeding Sleepy Hollow's use of the servitude by imposing arbitrary limitations as to the width of the servitude and installing bollards, which would limit the type of traffic necessary for reasonable use of the servitude.

At the hearing on the parties' requests for preliminary injunction, Melvin Young testified that he owns part of the five-acre tract that once belonged to his parents, John and Bena Young, and described the passage as a twelve-foot driveway. Melvin testified that the dispute between Sleepy Hollow and the Youngs began in January 2022, when an 18-wheeler carrying equipment for Sleepy Hollow drove through Melvin's yard and left tracks on the property. After this incident, Melvin had a gate and gateposts installed blocking off the gravel driveway. The gate and gateposts are situated twelve and a half feet apart, such that larger vehicles carrying equipment cannot enter. When asked why he had installed the gate, Melvin testified that he was beginning the process of securing the Youngs' five-acre tract.

Brandon Brown, Sleepy Hollow's sole member and manager, testified that Sleepy Hollow purchased the 314.35-acre property in December 2021. Brown testified that, when Sleepy Hollow acquired the tract, he believed that the roadway at issue was the main method of access.[7] Brown further testified that Sleepy Hollow had brought in large machinery to develop the property and that Sleepy Hollow's usage of the road for those purposes took place during normal business hours.

---

[7] Brown further testified that several different people used the roadway to access the property, including members of a hunting club and a neighbor who used it to access a vegetable garden. Melvin Young testified that, to his knowledge, the road at issue was only used with the Youngs' permission.

Importantly, Brown testified that, because of the gate installed by Melvin Young, Sleepy Hollow could no longer bring any equipment in or out, nor could he sell gravel or continue with other jobs.

Considering the foregoing, we find that Sleepy Hollow has made a *prima facie* showing that its real right has been disturbed. After the installation of the gate and gateposts, Sleepy Hollow could not transport any large equipment down the roadway. According to Brown's testimony, Sleepy Hollow lost business as a result of the gate and gateposts, as it cannot remove any large equipment or sell material. The Youngs' installation of the gate and gateposts reduced the width of the servitude and greatly inconvenienced Sleepy Hollow's use of the servitude. See La. Civ. Code art. 748.

Therefore, we find that Sleepy Hollow successfully made a *prima facie* showing that it will prevail on the merits of the case such that would warrant the granting of its request for preliminary injunction. See **Concerned Citizens**, 906 So.2d at 664. We reverse the trial court's April 27, 2022 judgment insofar as it denied Sleepy Hollow's request for a preliminary injunction. We render judgment granting Sleepy Hollow 2018, LLC's request for a preliminary injunction. We further remand this matter for a hearing on the parties' requests for permanent injunctions.[8]

---

[8] In its third assignment of error, Sleepy Hollow argues that the trial court erred in ruling that a servitude by destination terminates if there is access to a public road and if the servitude is no longer needed. Because the trial court's factual finding that the servitude had terminated was a determination on the merits, we find that this argument is better suited for the hearing on the parties' respective requests for permanent injunctions. See **Moore**, 2023 WL 8636934 at *3 ("[T]he principal demand of the permanent injunction is determined on its merits only after a full trial in an ordinary proceeding, in which the party seeking injunctive relief must carry its burden of proof by a preponderance of the evidence, rather than by a *prima facie* showing"). Because we are remanding this matter for a hearing on both parties' requests for permanent injunctions, this assignment of error is moot. See **Cat's Meow, Inc. v. City of New Orleans Through Dep't of Fin.**, 98-0601 (La. 10/20/98), 720 So.2d 1186, 1193 (An issue is "moot" when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic.").

## CONCLUSION

For the above reasons, we reverse the April 27, 2022 judgment insofar as it denied Sleepy Hollow's request for a preliminary injunction and render judgment granting Sleepy Hollow 2018, LLC's request for a preliminary injunction. We remand this matter for a hearing on both parties' requests for permanent injunctions. Costs of this appeal are assessed to Melvin Young, Ethel P. Jefferson, John Young, Jr., Gloria Young Montgomery, Brian Young, Lorraine Young Lawrence, Janice Young, Kenneth Young, and Katherine Young Scales.

**REVERSED IN PART, RENDERED, AND REMANDED.**

**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT**

**2023 CA 0278**

**SLEEPY HOLLOW 2018, LLC**

**VERSUS**

**MELVIN YOUNG, DORETHA ARMWOOD, JOHN YOUNG, JR., ETHEL P. JEFFERSON, JOHN YOUNG, JR., GLORIA YOUNG MONTGOMERY, BRIAN YOUNG, LORRAINE YOUNG LAWRENCE, JANICE YOUNG, KENNETH YOUNG, AND KATHERINE YOUNG SCALES**

**PENZATO, J., concurring.**

I respectfully concur in this matter. Specifically, I agree with the majority that the trial court legally erred by applying the irreparable harm standard, which interdicted the fact-finding process. However, Sleepy Hollow was still required to make a *prima facie* showing it will prevail on the merits. Unlike the requirement for most injunctive relief, La. C.C.P. art. 3663 requires no showing of irreparable harm by the plaintiff. Nevertheless, whether the injunction is sought under La. C.C.P. art. 3601 or La. C.C.P. art. 3663, a plaintiff must make a *prima facie* showing he will prevail on the merits. *Dunbar v. Howard*, 2021-1171 (La. App. 1st Cir. 8/16/22), 348 So.3d 738, 745. Therefore, I believe this issue must be addressed.

On *de novo* review, I find Sleepy Hollow made a *prima facie* showing it will prevail on the merits. The servitude at issue was created by destination of the owner, pursuant to La. C.C. art. 741 as found in the earlier proceeding. The requirements of La. C.C. arts. 689 and 694 concerning enclosed estates do not apply to the creation of a servitude by destination of the owner under Article 741. *Naramore v. Aikman*, 2017-1621 (La. App. 1st Cir. 6/4/18), 252 So.3d 935, 944. Thus, Sleepy Hollow was not required to prove that its property was landlocked to maintain its right to the servitude. See *Naramore*, 252 So.3d at 944.

1

Although the trial court did not specifically address the Youngs' argument concerning prescription for nonuse, I believe this should be addressed on our *de novo* review in connection with a discussion of Sleepy Hollow's burden of proof. When the prescription of nonuse is pled, the owner of the dominant estate has the burden of proving he or some other person made use of the servitude during the period of time required for the accrual of prescription, such that no continuous ten-year period of nonuse occurred. La. C.C. art. 764; *Naramore*, 252 So.3d at 945. A predial servitude, such as a servitude of passage, is preserved by use by anyone, even a stranger, if used for the purpose of going onto the dominant estate for some legitimate purpose. La. C.C. art. 757; *Naramore*, 252 So.3d at 945.

Sleepy Hollow made a *prima facie* showing that the servitude did not prescribe due to nonuse. See La. C.C. art. 753. Mr. Brown testified that several people used the servitude to access the Lindsey property during the relevant time, including Mr. Landrum and a hunting club. Mr. Young testified that Mr. Landrum had permission to use the road and otherwise denied any use since 2005. This is an issue of fact to be determined by the trial court on the merits of the parties' requests for permanent injunction.

2



# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2023 CA 0278

## SLEEPY HOLLOW 2018, LLC

## VERSUS

## MELVIN YOUNG, DORETHA ARMWOOD, JOHN YOUNG, JR., ETHEL P. JEFFERSON, JOHN YOUNG, JR., GLORIA YOUNG MONTGOMERY, BRIAN YOUNG, LORRAINE YOUNG LAWRENCE, JANICE YOUNG, KENNETH YOUNG, AND KATHERINE YOUNG SCALES

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**McClendon, J., dissenting.**

I disagree with the majority's decision to reverse the trial court's judgment. It is my opinion that the judgment should be vacated and this matter remanded to the trial court for a hearing on the preliminary injunctions requested.

The trial court's factual finding that there was no servitude was not limited to a determination regarding the requests for a preliminary injunction, but rather was a final determination on the merits as to the existence of a servitude. The trial court's judgment that denied Sleepy Hollow's preliminary injunction specifically provides that "a servitude no longer exists on the Young Estate property" in favor of Sleepy Hollow. The judgment then states that "based on the above finding," the Young's preliminary injunction is moot. Further, the trial court stated at the hearing on the motion for new trial that the parties had submitted the final determination as to whether there was an existing servitude across the Young's property to the court for consideration.

While it may be necessary to address the existence of a servitude in order to rule on the preliminary injunctions, in the absence of an express agreement by the parties, the merits of the case can be decided only after a full trial under ordinary process. As evidenced by the record, as well as the express language of the judgment, it is clear that the trial court failed to make an independent determination regarding either of the preliminary injunctions. Rather, the trial court initially determined that no servitude

existed, and based on that finding, denied Sleepy Hollow's request for a preliminary injunction and declared the Young's preliminary injunction request moot. While the majority recognizes a legal error in procedure, by failing to vacate the judgment and remand for further proceedings, the majority essentially denies the parties their right of first review before the trial court as to the preliminary injunctions.

Accordingly, I respectfully dissent.